IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SHAVANAUX,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:10 CR 234 TC<br><br>Judge Tena Campbell |

Adam Shavanaux has moved to dismiss the indictment against him. The indictment charges Mr. Shavanaux with one count of violation of 18 U.S.C. § 117(a) which makes it a felony offense for a person who has had two or more prior domestic assault convictions to commit a domestic assault within the special maritime and territorial jurisdiction of the United States or Indian Country. Because Mr. Shavanaux was not represented by an attorney when he was convicted of the two earlier domestic assault charges, use of these convictions in this federal prosecution would violate Mr. Shavanaux's Sixth Amendment right to counsel. Accordingly, the court GRANTS the motion to dismiss.

**Background**

The government intends to offer two aggravated assault convictions sustained by Mr. Shavanaux, an enrolled member of the Ute Tribe, in Ute Tribal Court. The first conviction was in 2006, the second in 2008. At the time of each conviction, Mr. Shavanaux was indigent and could not hire an attorney. Mr. Shavanaux served time in jail for each conviction.

**Analysis**

Apparently only one other district court has been faced with the question whether a prosecution under 18 U.S.C. § 117(a) which relies on two prior uncounseled tribal court convictions violates the Sixth Amendment. The court in United States v. Cavanaugh, Jr., 680 F. Supp. 2d 1062 (D.N.D. 2009), held that it did. In a thoughtful, thorough opinion, the Cavanaugh court noted that "[t]he issue before the Court is not to question the validity of the tribal court proceedings or question the tribal justice system, but instead to evaluate whether the convictions satisfy constitutional requirements for use in a federal prosecution in federal court." Id. at 1075.

This court agrees with the above statement. The government argues, correctly, that tribal court proceedings are not governed by the United States Constitution but by the Indian Civil Rights Act or tribal law. And although Section 202 of the Indian Civil Rights Act of 1968 forbids an Indian tribe from denying a defendant in a criminal proceeding the right "at his own expense" to counsel, 25 U.S.C. § 1302(6), there is no right to appointed counsel for an indigent defendant in tribal court.

For that reason, Mr. Shavanaux's two convictions for aggravated assault do not violate either the Indian Civil Rights Act or the United States Constitution. As the court in Cavanaugh pointed out:

> The fact that Congress has left the tribes with exclusive jurisdiction
> over misdemeanor offenses committed by one Indian against
> another Indian in Indian country is evidence that it presumes tribal
> courts exist and are competent to prosecute misdemeanors. On the
> other hand, felony offenses by Indians against Indians are handled
> exclusively by the United States. Thus, Congress has created a
> scheme, which, in part, ensures that an Indian charged with a

> felony is afforded all of the protections of the United States Constitution.

680 F. Supp. 2d at 1074 (internal footnote omitted).

But the issue here is more complex: "Significant constitutional issues tend to arise when tribal court convictions cross over into the federal judicial system." Id. at 1073. The decision in Custis v. United States, 511 U.S. 485 (1994), supports the conclusion that Mr. Shavanaux's Sixth Amendment right to counsel would be violated if this prosecution were to proceed. The Custis Court held that a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions used to enhance his sentence under the Armed Career Criminal Act "with the sole exception of convictions obtained in violation of the right to counsel[.]" Id. at 487. The Court analyzed its Sixth Amendment precedent, stressing the "unique" nature of the right to counsel. The court repeated its "oft" stated view that "'[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'" Id. at 494-95 (quoting Powell v. Alabama, 287 U.S. 45, 68-69 (1932)). The Court concluded that its long-standing precedent had "a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect." Id. at 496.

Based on the above, the court grants Mr. Shavanaux's motion to dismiss the indictment (Docket No. 20).

SO ORDERED this 13th day of October, 2010.

BY THE COURT:

_____
TENA CAMPBELL
Chief Judge