STEVEN B. KILLPACK, Utah Federal Defender (#8314)
KRISTEN R. ANGELOS, Assistant Federal Defender (#1808)
UTAH FEDERAL DEFENDER OFFICE
46 West Broadway, Suite 100
Salt Lake City, Utah 84010
Telephone: (801) 524-4010
Facsimile: (801) 564-4060

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MEMORANDUM DECISION AND ORDER RELEASING DEFENDANT |
| Plaintiff, | : | |
| vs. | : | |
| ADAM SHAVANAUX, | : | Case No. 2:10 CR 234 TC |
| Defendant. | : | |

---

Based upon the motion of Defendant, Mr. Shavanaux, by and through his counsel of record, this Court orders the immediate release of Mr. Shavanaux based on the following:

**PROCEDURAL HISTORY**

1. On March 24, 2010, Adam Shavanaux was charged in a one-count indictment with Domestic Assault by a Habitual Offender, in violation of 18 U.S.C. §§ 117 and 1153.

2. On March 31, 2010, an initial appearance hearing was held in front of Magistrate Judge Samuel Alba. Mr. Shavanaux was detained pending a detention hearing. Magistrate Alba set a detention hearing for April 5, 2010 in front of this Court.

3. On April 5, 2010, this Court detained Mr. Shavanaux pending trial based on an

1

outstanding warrant. Additionally, this Court found that detention was appropriate because Mr. Shavanaux constituted a risk of danger to the community based on his criminal history.

4. On June 30, 2010, Mr.. Shavanaux filed a Motion To Dismiss Indictment, asserting that because he was not represented by an attorney when he was convicted of the two predicate domestic assault charges, use of these convictions in this federal prosecution would violate Mr. Shavanaux's Sixth Amendment Right To Counsel and the Equal Protection clause.

5. On October 14, 2010, District Court Judge Tena Campbell granted the Motion to Dismiss Indictment, ruling that Mr. Shavanaux's Sixth Amendment Right to Counsel would be violated if prosecution were to proceed.

6. On October 18, 2010, Mr. Shavanaux filed a Motion for Immediate Release asserting that the Court had no jurisdiction to continue to hold him.

7. On October 22, 2010, this Court held a hearing based on Mr. Shavanaux's request for immediate release and made the following findings:

**FINDINGS BY THE COURT**

1. This Court finds that 18 U.S.C. § 3141(b) bestows the authority on this Court to act in a case pending appeal of conviction or sentence, not a government's appeal of dismissal order by the District Court.

2. The Court finds that 8 U.S.C. § 3141 (b) does not confer power on a Court to continue to hold a defendant pending an appeal where a judge has dismissed the indictment. The Court finds that to hold otherwise would be inconsistent with the constitutional presumption of innocence and the rights of a defendant.

3. Thus, the Court finds that it lacks the authority to order the continued detention of

2

Defendant.

4..     Notwithstanding the above, this Court finds that there is an inconsistency between 18 U.S.C. § 3141(b) and 18 U.S.C.§ 3143 ( c) and thus believes the following findings are also necessary.

5.     The Court finds that 18 U.S.C. § 3143( c)  encompasses circumstances raised in the  technical dismissal types of cases that *United States v. Alfonso*, 143 F.3d 772 (2d Cir. 1998), and *United States v. Powers*, 168 F.3d 943 (7th Cir. 1999) discuss.   However, the Court notes that the wording of the statute is of concern.  Accordingly, the Court will also make findings under 18 U.S.C. § 3142(g) should it be in error that it lacks statutory authority.

4.     The Court finds that under 18 U.S.C. §3142(g), looking at the nature of the circumstances of the offense charged, and the weight of the evidence that it has before it, that there is a judicial determination by the district court judge that there is currently no offense charged.  This weighs heavily in the Courts determination of detention.

5.     The Court also finds, considering other factors listed in 18 U.S.C. § 3142(g), such as the history and characteristics of the Defendant, prior drug and alcohol abuse, and danger to the community, that, notwithstanding the dismissal of the federal indictment, prosecution of Mr. Shavanaux by the state on this matter is highly likely.  The Court also notes that there is a warrant from the state that is currently pending which he will likely be held on.

DATED this 5TH November, 2010.

_____
DAVID NUFFER, Chief
United States Magistrate Court Judge